UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUTER SOFTWARE PROTECTION LLC<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Computer Software Protection LLC ("CSP"), for its Complaint against defendant Adobe Systems Incorporated ("Adobe"), hereby alleges as follows:

### PARTIES

1.     Plaintiff CSP is a Texas corporation with its principal place of business at 6136 Frisco Square Blvd, Suite 385, Frisco, TX 75034.

2.     Upon information and belief, defendant Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 35110-2704.

### NATURE OF THE ACTION

3.     This is a civil action for infringement of United States Patent No. 6,460,140 ("the '140 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Adobe because, among other things, Adobe has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to CSP. Moreover, Adobe is a Delaware corporation which, having availed itself of Delaware's corporate laws, is subject to personal jurisdiction in Delaware.

6. This Court also has personal jurisdiction over Adobe because, among other things, Adobe has established minimum contacts within the forum such that the exercise of jurisdiction over Adobe will not offend traditional notions of fair play and substantial justice. Moreover, Adobe has placed products that practice the claimed inventions of the '140 patent into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this District. Adobe has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the '140 patent.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patent-In-Suit

8. United States Patent No. 6,460,140, entitled "System for Controlling the Use of Licensed Software," was duly and legally issued by the United States Patent and Trademark Office on October 1, 2002. A copy of the '140 patent is attached hereto as Exhibit A.

9. CSP is the exclusive licensee of the '140 patent and has the right to sue and recover damages for any current or past infringement of the '140 patent.

### COUNT I

### Infringement of the '140 Patent

10. Paragraphs 1-9 are incorporated by reference as if fully stated herein.

11. Adobe, either alone or in conjunction with others, has infringed and continues to infringe, one or more claims of the '140 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that utilize product activation software, for example and without limitation, Adobe® RoboHelp® 6.

12. CSP has been and continues to be damaged by Adobe's infringement of the '140 patent.

## PRAYER FOR RELIEF

WHEREFORE, CSP respectfully requests that this Court enter judgment against Adobe as follows:

A. That Adobe has infringed the '140 patent.

B. That CSP be awarded damages adequate to compensate it for Adobe's past infringement and any continuing or future infringement up until the date such judgment is entered, including pre and post judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate CSP for Adobe's infringement, an accounting;

C. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285;

D. A preliminary and permanent injunction preventing Adobe, and those in active concert or participation with Adobe, from directly infringing the '140 patent;

E. A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, CSP be awarded a compulsory ongoing licensing fee; and

  F. That CSP be awarded such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CSP hereby demands a trial by jury on all claims and issues so triable.

                 Respectfully submitted,

Dated: April 10, 2012          FARNAN LLP

                  /s/ Michael J. Farnan
                 Brian E. Farnan (Bar No. 4089)
                 Michael J. Farnan (Bar No. 5165)
                 919 North Market Street, 12th Floor
                 Wilmington, DE 19801
                 (302) 777-0300
                 (302) 777-0301
                 mfarnan@farnanlaw.com

*Of Counsel:*
Robert R. Gilman
Thomas J. Clark
GILMAN CLARK & HUNTER LLC
176 Federal Street, 4th Floor
Boston, MA 02110
(617) 830-5442
rgilman@gilmanclark.com
tjclark@gilmanclark.com

Shane Hunter
Jeffrey King
GILMAN CLARK & HUNTER LLC
12520 High Bluff Drive, Suite 190
San Diego, CA 92130
(858) 480-5530
shunter@gilmanclark.com
jking@gilmanclark.com           *Attorneys for Plaintiff*