IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| COMPUTER SOFTWARE PROTECTION, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civ. No. 12-451-SLR |
| ADOBE SYSTEMS INCORPORATED, | ) | |
| Defendant. | ) | |

| COMPUTER SOFTWARE PROTECTION, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civ. No. 12-455-SLR |
| WOLFRAM RESEARCH, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2015, having reviewed defendants' motions for attorney fees, and the papers filed in connection therewith;

IT IS ORDERED that defendants' motions for attorney fees (Civ. No. 14-451, D.I. 126; Civ. No. 12-455) are denied, for the reasons that follow:

1. **Background.** On April 10, 2012, plaintiff Computer Software Protection, LLC ("CSP") initiated litigation against defendants Adobe Systems Incorporated ("Adobe") (Civ. No. 14-451)[1] and Wolfram Research, Inc. ("Wolfram") (Civ. No. 12-455) alleging

---

[1] All references are to Civ. No. 14-451 unless otherwise indicated.

infringement of United States Patent No. 6,460,140 ("the '140 patent").[2] The same day, CSP also filed complaints against three other defendants for infringement of the '140 patent — Autodesk, Inc. ("Autodesk"), Nuance Communications, Inc. ("Nuance"), and The MathWorks, Inc. ("The MathWorks"). After reaching a settlement, CSP voluntarily dismissed the case against MathWorks on July 2, 2012. (Civ. No. 12-453, D.I. 14) The four remaining cases were consolidated for discovery and claim construction. Per the custom of this court at that time, the issues of damages and willfulness were bifurcated for discovery and trial. The parties completed fact discovery. (D.I. 134 at 3) CSP then reached a settlement agreement with Nuance, granting a license to third-party Flexera Software LIC ("Flexera"), which also resulted in a release from liability for Autodesk and two of Adobe's three product activation methods accused of infringement in the case at bar, as they utilized Flexera's technology. (D.I. 134 at 4) CSP stipulated to dismiss the case against Autodesk on December 16, 2013, and the case against Nuance on March 31, 2014. (Civ. No. 12-454, D.I. 73; Civ. No. 12-452, D.I. 67)

2. CSP and the two remaining defendants, Adobe and Wolfram, proceeded to summary judgment and claim construction briefing. The claim construction and summary judgment hearing was scheduled for May 20, 2014, with a pretrial conference set for August 14, 2014 and jury trial for September 8, 2014. (D.I. 17; D.I. 106) On Friday, May 16, 2014, two business days before the hearing, CSP provided Adobe and Wolfram covenants not to sue, without compensation, and thereafter requested that the court cancel the hearing. (D.I. 121) After reaching agreement with Adobe on modified

---

[2] The court retained jurisdiction to hear any fee motions. (D.I. 124, so ordered; Civ. No. 12-455, D.I. 134, so ordered)

2

language for the covenant not to sue, a joint motion for dismissal was filed on August 1, 2014, providing that all claims and counterclaims asserted by CSP were dismissed with prejudice, and all of Adobe's claims and counterclaims were dismissed without prejudice. (D.I. 124) A similarly worded joint motion to dismiss was filed on August 5, 2014 in the case against Wolfram. (D.I. Civ. No. 12-455, D.I. 134)

3. **Prevailing Party.** Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In determining whether a party is a prevailing party in patent litigation, the Federal Circuit applies the general principle that, "'to be a prevailing party, one must "receive at least some relief on the merits," which "alters . . . the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (citations omitted). The Federal Circuit has concluded that, "as a matter of patent law," the dismissal of claims with prejudice when granted by a district court "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that [a] district court properly [can] entertain [a] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Under the circumstances of this case, Adobe and Wolfram are the prevailing parties for the purposes of the present motions.

4. **Exceptional case.** Consistent with the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Court described § 285 as imposing "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Id.* at 1755-56. Because the Patent Act does not define "exceptional," the

3

Court construed it "'in accordance with [its] ordinary meaning.'" *Id.* at 1756 (citation omitted). "In 1952, when Congress used the word in § 285 (and today, for that matter), '[e]xceptional' meant 'uncommon,' 'rare,' or 'not ordinary.'" *Id.* (citation omitted). In support of its interpretation, the Court referred to an earlier interpretation of the term "'exceptional' in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), to mean 'uncommon' or 'not run-of-the-mill.'" *Id.* The Court concluded that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"

*Id.* at 1756 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).[3] In addressing Rule 11 of the Federal Rules of Civil Procedure, the Court expressly held that "sanctionable conduct is not the appropriate benchmark" for § 285 cases. Under the standard announced in *Octane*, "a district court may award fees in the rare case in which a party's unreasonable conduct - while not necessarily independently sanctionable - is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757. A

---

[3] In *Fogerty*, the Supreme Court explained that, in determining whether to award fees under a provision similar to § 285 in the Copyright Act, district courts could consider a "nonexclusive" list of "factors," including "frivolousness, motivation, object unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 534, n.19.

4

party seeking attorney fees under § 285 must prove the merits of their contentions by a preponderance of the evidence. *Id.* at 1758.

5. **Analysis**. Defendants basically argue that these cases are "exceptional" because they would have prevailed on their various defenses if the cases had not been dismissed. In point of fact, however, none of the defenses posited by defendants[4] are so evident from the record at bar that the court can say with any certainty[5] that defendants not only would have succeeded on the merits, but that the strength of their arguments would have been exceptionally dispositive. Indeed, in a case where settlements were reached with other parties, and the court did not construe the claims, or resolve multiple discovery disputes, or resolve motions to dismiss or for summary judgment, to characterize these circumstances as exceptional is exceptionally presumptuous, as well as inconsistent with the court's understanding of what justifies the fee-shifting provisions of § 285.

6. **Conclusion**. For the reasons stated, the motions for fees are denied.

*[signature]*
United States District Judge

---

[4] Defendants claim to be third-party beneficiaries to a patent license granted to Oracle, and also claim that plaintiff's infringement claims were baseless.
[5] And, frankly, the court is not inclined to address the merits of these defenses as though the cases had not been dismissed, a monumental waste of judicial resources in the context of a discretionary paradigm.

5